IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

IN RE:   TURNER GRAIN MERCHANDISING INC.
         BANKRUPTCY CASE NO. 2:14-BK-15687

K.B.X., INC.                                        CREDITOR-APPELLANT

v.                        No. 4:18-cv-839-DPM

GAVILON GRAIN, LLC            INTERESTED PARTY-APPELLEE

M. RANDY RICE, Chapter 7
Panel Trustee                                        TRUSTEE-APPELLEE

ORDER

On *de novo* review, the Bankruptcy Court's decision is affirmed with one modification—a clarification about a potential future issue.

First, the standing issue passes out of the case. K.B.X. makes strong arguments that Gavilon Grain had no standing to ask the Bankruptcy Court whether K.B.X.'s third-party complaint in the Lonoke County case violated the automatic stay or interfered with property of Turner Grain Merchandising's bankruptcy estate. Gavilon Grain, like K.B.X., is a creditor of that estate, with no particularized injury beyond litigation expenses from the state court case, expenses which are a shaky basis for a standing-satisfying injury. *Kennedy v. Ferguson*, 679 F.3d 998, 1002–03 (8th Cir. 2012). The Bankruptcy Court, though, had both the power and the duty to act on its own in these

circumstances. *In re Clarke*, 69 B.R. 885, 889 (Bankr. E.D. Pa. 1987); *In re Elder-Beerman Stores Corp.*, 195 B.R. 1019, 1023 (Bankr. S.D. Ohio 1996). And the Court called on that authority when it ruled. App. 449–51, № 1-5 at 37–39. An imperfect motion by a creditor doesn't affect the Court's inherent authority to act; and the Bankruptcy Court would have left its duty unfulfilled if the Court had done nothing after learning of possible interference with estate property or a potential stay violation. The Court had to consider the circumstances and then decide.

Second, K.B.X.'s tortious interference claim against Gavilon Grain is, as the Bankruptcy Court concluded, too intertwined with the estate's contract and equitable claims against Gavilon Grain to proceed at this point. It's now common ground that K.B.X.'s claims for declaratory and injunctive relief against Gavilon Grain overlap with the estate's claims against that company. But, K.B.X. presses, tortious interference is different: K.B.X. must prove that Gavilon Grain failed to pay Turner Grain Merchandising *intending* to harm K.B.X.; and K.B.X.'s resulting damages could be more or less than what Gavilon Grain allegedly owes the estate. This Court respectfully disagrees. As the Bankruptcy Court saw, there's not enough daylight here to allow K.B.X. to move forward. The premise of K.B.X.'s tort claim is Gavilon Grain's breach of its contracts with Turner Grain Merchandising. That breach claim — everyone agrees — is the estate's property. The trustee is pursuing that

claim in arbitration. And K.B.X.'s pursuit of the tort threatens the trustee's pursuit of the breach. The main threat is from inconsistent results and preclusion tangles. Notwithstanding the differences between K.B.X.'s tort claim and the estate's breach claim, the substantial overlap between these claims against Gavilon Grain requires that the estate's claim be resolved first. *National American Insurance Co. v. Ruppert Landscaping Co., Inc.*, 187 F.3d 439, 441 (4th Cir. 1999). Any other process risks impairing the property of the estate.

Third, the modification. Whether K.B.X. is entitled to equitable tolling of the limitations period for its claims for declaratory relief, injunctive relief, and tortious interference remains an open question. If this question arises in due course, it should be answered by revisiting all the circumstances presented and the applicable law.

\* \* \*

The Bankruptcy Court's decision, № 859 in No. 2:14-bk-15687, is affirmed as modified.

So Ordered.

_WDMarshall Jr._
D.P. Marshall Jr.
United States District Judge

15 May 2019